### THE FIDES.

(District Court, S. D. Florida. June 18, 1923.)

No. 1677.

**1. Admiralty ⬦122—Tender not covering damage held insufficient.**

Where respondent tendered a sum in full settlement of damage from collision, and made the tender good by his answer, such tender would not avail him, where the damage suffered by libelant was greater than the sum tendered.

**2. Collision ⬦132—Award of cost of new system of ignition installed held proper.**

Where libelant claimed as damages to motorboat sunk by collision the value of the ignition system, and the testimony showed the system could have been repaired, but did not show what the repairs would cost, *held*, the award would include the cost of the new system of ignition installed in the boat.

In Admiralty. Libel by Carlisle W. Pinder against the Fides, etc. Decree for libelant.

E. O. Locke, of Jacksonville, Fla., for libelant.

Louis W. Strum, of Jacksonville, Fla., for claimant.

CALL, District Judge. The motor boat V–9418 was, in the early morning of October 1st, struck and damaged by the motor vessel Fides to such an extent that she sunk at her moorings. The cause of the collision was the breaking of the lines of the Fides while working her engines, before going on her trip. The owner of the Fides pulled out said boat and placed her on the dock at which the accident occurred.

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] There was some discussion between said owner and libelant regarding repairs, and propositions made back and forth, but no agreement reached. About nine days after the accident libelant employèd a boatbuilder to make repairs to the hull and canopy for the sum of $225. Libelant claims also for the destruction, resulting from the sinking of the boat, of certain furniture aboard the boat and the ignition system. The only material dispute between the parties is the amount of damages, although voluminous testimony was taken. The respondent tendered $125 in full settlement of the damage, and made this tender good by his answer; but this tender may not avail the respondent, because I find the damage suffered by libelant is greater than the sum tendered. There are some peculiarities in the testimony which, if time permitted, could be commented upon; but, time not permitting of this, my conclusion is that the libelant is entitled to recover from the respondent $225, which he is obligated to pay Olsen for repairs to the hull and canopy; $2.70 for the Columbia batteries; 80 cents for one folding chair destroyed; $1 for 5 pounds of grease; 85 cents for one hammer; $12 for the ignition system put in to replace the Atwater Kent—making a total of $242.35.

[2] There was no testimony introduced showing the extent and amount of any damage to the engine by being submerged, nor the extent and amount of damage to the life preservers, and without such testimony as a guide the court cannot assess such damage. The libelant claims as damage the value of the Atwater Kent ignition system. I think the testimony shows that this system could have been repaired, had libelant seen fit to have had it done. Again, the court is furnished no light by the testimony of what said repairs would cost. I have therefore included in the award the cost of the new system of ignition installed in the boat.

A decree will be prepared, adjudging the amount of the above items in favor of the libelant against the respondent and his sureties, with interest at 6 per cent. from November 15, 1922. The costs will be taxed against the respondent.